Curia, per

Frost, J.
It is a very peremptory rule of evidence, that what a party says or does, shall not be admitted to support his interest. An exception has been allowed, in case of the indorsement of a payment by the creditor on the security for the debt, before a presumption of payment or the statutory limitation is complete. Such an acknowledgment of payment on a bond or note has been allowed to go to the jury, as proof of, an admission by the defendant that the debt was unsatisfied; on the ground, that at the time such acknowledgment was made, it was against the interest of the party. Searle vs. Lord Barrington, 2 Stra. 826, Gibson vs. Peebles, 2 McC. 418. The exception should not be extended beyond this .limit; and such evidence should not be admitted, unless on proof that the credit was entered at a time when it could not operate for the benefit of the party making it. Before the presumption of payment is complete, or the note is barred, the creditor can have no motive to admit a payment which has not been made. But to permit the holder of a bond or note, after an action for the recovery is barred by his own act, to revive the liability of the debtor, would be to allow him to manufacture proof for the exigencies of his case. No reported case can be found that goes this length. In Roseboom vs. Billington, 17 Johns. R. 182, it was held that an indorsement on a bond or note, made by the obligee or promissee, without the privity of the debtor, cannot be admitted as evidence of payment in favor of the party making such indorsement, unless it be shewn that it was made at a time when its operation would be against the interest of the party making it. If such proof be given, it will be good evidence to go to the jury. To the same effect are the cases of the Ex’rs. of Taylor vs. McDonald, 2 Mill, 178; Turner vs. Crisp, 2 Stra. 827; Rose vs. Bryant, 2 Camp. 323; and Glyn vs. Bank of England, 2 Yes. sr. 43.
In this case, the date of the receipt on the note shews it *393 to have been entered after the statute had barred the recovery. In such case, it was plainly for the interest of the plaintiff, by acknowledging the receipt of a part of the debt, to secure the recovery of the balance. To permit such evidence to go to the jury, would give rise to much fraud, and substitute the verdict of a jury for the certain protection of the law. The motion is refused.
The whole court concurred.